

RECEIVED COPY
2005 MAY

DEDRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

| | |
|---|---|
| RIVERFORKS IMPORTS, INC.<br>Plaintiff, | ❖<br>❖<br>❖ |
| v. | ❖  CASE NUMBER: CV-05-048 |
| JOSE SOMOZA, AND<br>FICTITIOUS DEFENDANTS,<br>A, B, C, D AND E, WHETHER<br>SINGULAR OR PLURAL, OR<br>THOSE OTHER PERSONS,<br>CORPORATIONS, FIRMS, OR<br>OTHER ENTITIES WHOSE<br>WRONGFUL CONDUCT CAUSED<br>INJURIES AND DAMAGES TO THE<br>PLAINTIFF, ALL OF WHOSE TRUE<br>AND CORRECT NAMES ARE<br>UNKNOWN TO THE PLAINTIFF AT<br>THIS TIME BUT WILL BE<br>SUSTAINED BY AMENDMENT<br>ASCERTAINED DEFENDANT'S,<br>Defendant, | ❖<br>❖<br>❖<br>❖<br>❖<br>❖<br>❖<br>❖<br>❖<br>❖<br>❖<br>❖<br>❖<br>❖<br>❖<br>❖ |

## COMPLAINT

### STATEMENT OF FACTS

That Riverforks Imports, Inc. doing business at 500 South Greenwood Street, Geneva, Alabama 36340, entered into an oral agreement and opened an account with Jose Somoza whom operated Geneva Imports located at 1950 Northwest 15th Street, Baycee Pompano Beach, Florida 33069. Riverforks Imports, Inc. began delivering on or about September of 1998, with an oral agreement of container and warehouse consignments for the sale of furniture and other property of Riverforks Imports, Inc. The total amount of <u>consignment container</u> charges in aggregate totaled Five Hundred Seventy Two Thousand Nine Hundred Fourteen Dollars and Sixteen Cents ($572,914.16).

Partial <u>container consignment</u> payments were made by Jose Somoza, with the first payment being made on or about December 1998, and the last payment was made on or about February 25, 2000. (payments were periodically made) the total amount paid by Jose Somoza to Riverforks Imports, Inc. was Three Hundred Thirty Three Thousand Eight Hundred Forty Five Dollars and Twenty Two Cents ($333,845.22) the total amount <u>due</u> to Riverforks Imports, Inc. from Jose Somoza for <u>container consignment</u> payments is Two Hundred Thirty Nine Thousand Sixty Eight Dollars and Ninety Four Cents ($239,068.94) for his failure to remit funds or return unsold products.

Riverforks Imports, Inc. and Jose Somoza was in an agreement on warehouse consignments. Riverforks Imports, Inc. provided a total of One Hundred Thirty Eight Thousand One Hundred Sixty Five Dollars and One Cents ($138,165.01) on furniture and other items on <u>warehouse consignment</u> to Jose Somoza who remitted payments towards said debt in the amount of Twenty Eight Thousand One Hundred Five Dollars and Ninety Seven Cents ($28,105.97). Leaving a balance <u>due</u> to Riverforks Imports, Inc. in the amount One Hundred Ten Thousand Fifty Nine Dollars and Four Cents ($110,059.04) for his failure to remit monies or return unsold furniture.

Jose Somoza entered into a **payback agreement** for the previous facts as set forth by relocating to Geneva, Alabama and beginning employment with Riverforks Imports, Inc. in Geneva, Alabama of which he agreed to pay Five Thousand Dollars and No One Hundreds. ($5,000.00) per month toward said debt. The last payment received from Jose Somoza on behalf of this debt was February 25, 2000 in the amount of Three Thousand Dollars and No One Hundreds ($3,000.00). Jose Somoza on the third day of October, 2001 without prior notice, notified Riverforks Imports of his resignation by fax and has made no payments or arrangements to make payments to Riverforks Imports, Inc.

That the <u>total combined balance due</u> from Jose Somoza to Riverforks Imports in the amount of **Three Hundred Forty Nine Thousand One Hundred Twenty Seven Dollars and Ninety Eight Cents ($349,127.98).**

## COUNT ONE
## CONVERSION

1. That Riverforks Imports, Inc. was the complete owner of the furniture and products consigned to Jose Somoza.

2. That Jose Somoza did wrongfully take and/or wrongfully detain or interfere to legally use or misuse the property of Riverforks Imports, Inc. by receiving on assignment numerous articles of furniture and other products supplied by Riverforks and placing those articles to Somoza's own use and benefit. Further Mr. Somoza has wrongfully exercised dominion and control over the furniture, monies and other products to the exclusion and defiance of Riverforks rights.

3. That Jose Somoza received furniture and other articles of furniture on <u>consignment container</u> with total charges in the amount of Five Hundred Seventy Two Thousand Nine Hundred Fourteen Dollars and Sixteen Cents ($572,914.16) and made payments to Riverforks Imports, Inc. in the amount of Three Hundred Thirty Three Thousand Eight Hundred Forty Five Dollars and Twenty Two Cents ($333,845.22). Leaving a balance due in the amount of Two Hundred Thirty Nine Thousand Sixty Eight Dollars and Ninety Four Cents ($239,068.94).

4. That Jose Somoza was provided furniture and other items through a <u>warehouse consignment</u> in the amount of One Hundred Thirty Eight Thousand One Hundred Sixty Five Dollars and One Cents ($138,165.01) and made payment to Riverforks Imports, Inc. in the amount of Twenty Eight Thousand One Hundred Five Dollars and Ninety Seven Cents ($28,105.97). Leaving a balance due in the amount of One Hundred Ten Thousand Fifty Nine Dollars and Four Cents ($110,059.04).

5. That Riverforks Imports, Inc., as bailor delivered furniture and other products to Jose Somoza, bailee, in bailment for the execution of consignment sales in relation to said furniture and products upon a implied, or oral contract to sale on consignment, or thereupon either to redeliver the goods to the bailor or otherwise dispose of the goods in conformity with the purpose of the bailment through consignment payments. Further said bailment was for mutual benefits.

6. That Jose Somoza wrongfully took and asserted ownership in illegally used the Plaintiff's furniture and articles to sale, and retained funds for his own use and benefit in the amount of Three Hundred Forty Nine Thousand One Hundred Twenty Seven Dollars and Ninety Eight Cents ($349,127.98)

**WHEREFORE,** premises considered, the Plaintiff demands compensatory damages in the amount of Three Hundred Forty Nine Thousand One Hundred Twenty Seven Dollars and Ninety Eight Cents ($349,127.98), interest, cost and punitive damages in an amount set by the Court.

<u>COUNT TWO</u>
<u>BREACH OF CONTRACT</u>

7. That the Plaintiff adopts and realleges all averments of paragraphs one through six as if set forth in full here.

8. That Riverforks and Somoza was parties to an oral agreement where Riverforks would provide furniture and other products under container consignment and warehouse consignment for the sale of said products. Defendant, Jose Somoza was to remit funds to Riverforks for the sale of said products.

9. That Jose Somoza exercised dominion over the furniture and product for his own use or benefit and failed to report, account or make payments to Riverforks for the products sold.

10. That Jose Somoza further exercised dominion over furniture and products for his own use or benefit by failing to report, account for or return unsold products to Riverforks.

11. That Jose Somoza has held or is currently holding furniture and other products under a claim inconsistent with his title.

12. That Jose Somoza received furniture and other articles of furniture on <u>consignment container</u> with total charges in the amount of Five Hundred Seventy Two Thousand Nine Hundred Fourteen Dollars and Sixteen Cents ($572,914.16) and made payments to Riverforks Imports, Inc. in the amount of Three Hundred Thirty Three Thousand Eight Hundred Forty Five Dollars and Twenty Two Cents ($333,845.22). Leaving a balance due in the amount of Two Hundred Thirty Nine Thousand Sixty Eight Dollars and Ninety Four Cents ($239,068.94).

13. That Jose Somoza was provided furniture and other items through a <u>warehouse consignment</u> in the amount of One Hundred Thirty Eight Thousand One Hundred Sixty Five Dollars and One Cents ($138,165.01) and made payment to Riverforks Imports, Inc. in the amount of Twenty Eight Thousand One Hundred Five Dollars and Ninety Seven Cents ($28,105.97). Leaving a balance due in the amount of One Hundred Ten Thousand Fifty Nine Dollars and Four Cents ($110,059.04).

14. That the container consignment and warehouse consignment agreements of the parties, entered into on or about September 1998, granted the Defendant the privilege to sale, account for, remit funds for or return unsold furniture and products to Riverforks Imports, Inc. Upon Jose Somoza breaching the required duties of the agreement, Riverforks allowed his employment at the Riverforks business location in Geneva, Alabama and repayment in the amount of Five Thousand Dollars and No One Hundreds ($5,000.00) per month. Subsequently Jose Somoza resigned without prior notice, repayment or return of products on or about the 3rd day of October, 2001.

15. That Jose Somoza's acts of dominion and control over the furniture, products and monies of Riverforks has caused damage by withholding profits and product cost recovery in the amount of Three Hundred Forty Nine Thousand One Hundred Twenty Seven Dollars and Ninety Eight Cents ($349,127.98).

**WHEREFORE,** premises considered Riverforks demands Judgement against Jose Somoza in the amount of Three Hundred Forty Nine Thousand One Hundred Twenty Seven Dollars and Ninety Eight Cents ($349,127.98), interest and cost.

## COUNT THREE
## NEGLIGENCE

16. That the Plaintiff adopts and realleges paragraphs one through fifteen of counts one and two as if set out in full here.

17. That the container consignment and warehouse consignment agreements of the parties, entered into on or about September 1998, granted the Defendant the privilege to sale, account for, remit funds for or return unsold furniture and products to Riverforks Imports, Inc. Upon Jose Somoza breaching the required duties of the agreement, Riverforks allowed his employment at the Riverforks business location in Geneva, Alabama and repayment in the amount of Five Thousand Dollars and No One Hundreds ($5,000.00) per month. Subsequently Jose Somoza resigned without prior notice, repayment or return of products on or about the 3rd day of October, 2001.

18. That Jose Somoza was negligent in his reasonable care, diligence and obligation to act accordingly within the terms of the parties agreement, securing, protecting and preventing loss or damage to Riverforks furniture and products.

19. That Jose Somoza had knowledge of the terms of the agreement, made partial payments under the agreement, and continued to accept furniture and products for the privileges granted within the agreement, and the Defendant, Jose Somoza failed or should have foreseen that his failure or refusal to complete his duty and exercise reasonable care of selling, accounting, remitting payments or returning unsold furniture or products in a timely manner under the terms of the agreement would cause damage to Riverforks and its property.

20. That Jose Somoza should have reasonably foreseen his failure to timely account, remit payment or return furniture and products as allowed under the warehouse and container consignment agreement would cause damage, loss and devaluation of Riverforks property.

**WHEREFORE**, premises considered, Riverforks demands judgment against Jose Somoza for Three Hundred Forty Nine Thousand One Hundred Twenty Seven Dollars and Ninety Eight Cents ($349,127.98), interest and cost and punitive damages in an amount to be determined by the Court.

## COUNT FOUR
## FRAUD AND MISREPRESENTATION

21. That the Plaintiff adopts and realleges paragraphs one through twenty as if set out in full here.

22. That Jose Somoza committed fraud upon Riverforks Imports, Inc. by willfully withholding accountings, monies due, and deceiving Riverforks in the actual sale of the furniture and products provided through the container and warehouse consignment agreement. Further Jose Somoza misrepresented to Riverforks the actual sales, payments of, accounting and returns for the furniture and products of Riverforks.

23. That Riverforks relied on and Jose Somoza failed to communicate the proper accounting, payment of consignment and or return of products unsold. Further Jose Somoza failed to remit payment as agreed upon by the parties in the payback agreement by relocating to Geneva, Alabama and beginning employment with Riverforks Imports, Inc. in Geneva, Alabama and submit payments of Five Thousand Dollars and No One Hundreds ($5,000.00) per month towards said debt.

24. That Riverforks relied on and Plaintiff failed to complete the payback agreement entered into by the parties by Jose Somoza relocating to Geneva, Alabama and beginning employment with Riverforks Imports, Inc. in Geneva, Alabama and remit payments in the amount of Five Thousand Dollars and No One Hundreds ($5,000.00) per month toward said debt. Further Jose Somoza on the 3rd day of October, 2001, without prior notice, notified Riverforks Imports of his resignation by fax and has made no payments or arrangement to make payments to Riverforks Imports.

25. That Jose Somoza made oral representations to Riverforks that he would sale furniture and other products on consignment and would account for, remit funds to and return unsold property. Further Jose Somoza entered into a payback agreement to maintain employment in Geneva, Alabama and pay Five Thousand Dollars and No One Hundreds ($5,000.00) per month toward said debt until paid in full, and Riverforks relied upon the representation and promises of Jose Somoza and has suffered detriment, injury, and damage as a proximate cause by Jose Somoza's action.

26. That the representations made by Jose Somoza for payback agreement, container and warehouse consignments were false and Jose Somoza knew they were false or Jose Somoza with knowledge of true facts recklessly misrepresented them; or said representations were made by mistake but with the intentions that Riverforks should rely upon them. Further Riverforks believed the representations and in reliance upon them entered into transactions with Jose Somoza.

**WHEREFORE,** premises considered, Riverforks demands judgments against Jose Somoza for Three Hundred Forty Nine Thousand One Hundred Twenty Seven Dollars and Ninety Eight Cents ($349,127.98), interest and cost and punitive damages in an amount to be determined by the Court.

## COUNT FIVE
## ACCOUNT STATED

27. That the Plaintiff adopts and realleges paragraphs one through twenty six as if set out in full here.

28. That Jose Somoza on or about January of 2000, made a promise to Riverfork Imports, Inc. that he would begin employment come and work with Riverforks Imports in Geneva, Alabama in an effort to repay the amount owed. This agreement consisted of Jose Somoza continuing employment and paying Five Thousand Dollars and No One Hundreds ($5,000.00) per month until said debt was paid in full.

29. That on the date of employment, an account was stated between the Parties. Further after partial payment the sum of Three Hundred Forty Nine Thousand One Hundred Twenty Seven Dollars and Ninety Eight Cents ($349.127.98) is remaining due to Riverforks Imports, Inc.

30. That the expressed promise to pay Five Thousand Dollars and No One Hundreds ($5,000.00) until paid in full was tendered from Jose Somoza and a showing of mutual assent between the parties was understood and agreed to the balance on that particular account.

31. That the Jose Somoza agreed to pay to the Riverforks Imports, Inc. the agreed upon sum in accordance with the parties agreement described above. But has failed or refused to remit payments.

32. That the Defendant made the last payment on the 25th day of February, 2000 in the amount of Three Thousand Dollars and No One Hundreds ($3,000.00) and since that time has failed to pay any further payments toward the account.

**WHEREFORE**, premises considered, Plaintiff requests judgement against the Defendant for the sum of Three Hundred Forty Nine Thousand One Hundred Twenty Seven Dollars and Ninety Eight Cents ($349,127.98) interest, cost and any further relief as the Court may deem proper.

## COUNT SIX
## OPEN ACCOUNT

34. That the Plaintiff adopts and realleges paragraphs one through thirty two as if set out in full here.

35. That Riverforks Imports, Inc. entered into an oral agreement to open an account with Jose Somoza and began delivering certain furniture and merchandise of various characters, descriptions and quantities as more particularly set forth in a true and correct copy of the books of original entry of the Plaintiff attached hereto and made a part hereof marked Exhibit "A" and incorporated by reference.

36. That Jose Somoza is indebted to the Plaintiff in the sum of Three Hundred Forty Nine Thousand One Hundred Twenty Seven Dollars and Ninety Eight Cents ($349,127.98) dollars on account for furniture and merchandise consigned and delivered by Riverforks to Jose Somoza at, Jose Somoza's request between the September of 1998 and October of 2001.

37. That not withstanding the demand by Riverforks Imports, Inc. for payment Jose Somoza has failed, neglected and refused to pay the amount due to Riverforks Imports, Inc. and as such Three Hundred Forty Nine Thousand One Hundred Twenty Seven Dollars and Ninety Eight Cents ($349.127.98) is now due and payable to the Plaintiff from the Defendant on the open account.

WHEREFORE, premises considered, Riverforks Imports, Inc. demands judgment against Jose Somoza for Three Hundred Forty Nine One Hundred Twenty Seven and Ninety Eight Cents interest, cost and any further relief as the Court may deem proper.

## COUNT SEVEN
## WRONGFUL DETENTION BY BAILEE

38. That the Plaintiff adopts and realleges paragraphs one through thirty seven as if set out in full here.

39. That on or about September of 1998 Riverforks Imports, Inc. and Jose Somoza entered into a contract of consignment/bailment by which Plaintiff delivered possession of furniture and other products to Jose Somoza for the purpose of consignment sale and bailment of Riverforks Imports property.

40. That Jose Somoza was to continue with possession of the property of Riverforks, Inc. subject to the consignment/bailment until such time as Jose Somoza could sale, account to, or return property to Riverforks Imports, Inc.

41. That during the period from September of 1998 until September of 2000 Jose Somoza accepted in the trust, and took possession of Riverforks Imports property and agreed to sale on consignment for Riverforks Imports, Inc. The terms of the consignment/bailment contract were breached and at that time Riverforks Imports, Inc. became entitled to the immediate possession of all consignment, furniture and merchandise in Jose Somoza's possession. Further, Riverforks Imports, Inc. is the true owner of the furniture and other products described merchandise and is entitled to payment or immediate possession thereof.

43. That the furniture and products subject to the bailment has been retained, transferred, sold or conveyed, at the sole benefit of the Jose Somoza.

44.  That Jose Somoza's wrongful detention of Riverforks Imports, Inc. merchandise has deprived Riverforks Imports, Inc. Plaintiff of its use, profits, and caused Riverforks Imports, Inc. damages in the sum of Three Hundred Forty Nine Thousand One Hundred Twenty Seven Dollars and Ninety Eight Cents ($349.127.98) plus interest.

**WHEREFORE,** Riverforks Imports, Inc. requests the judgement against Jose Somoza (1) Recovery of all of Riverforks Imports, Inc. property wrongfully held; (2) or if the above described merchandise is no longer available for return, a judgment in the amount of Three Hundred Forty Nine Thousand One Hundred Twenty Seven Dollars and Ninety Eight Cents ($349.127.98) (the reasonable market value of the merchandise as of the date of the wrongful detention or the time the parties contracted;) (3) interest, cost and any further relief that the Court considers just and proper.

Respectfully submitted this the ___8___ day of April, 2005

_____
Ron Thames for:
Riverforks Imports, Inc.

_____
Jeffery D. Hatcher (HAT011)
Attorney for Plaintiff
Knowles & Hatcher, LLP
P.O. Box 369
Geneva, Alabama 36340
(334) 684-8524

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing to the below listed Defendant by placing a copy of the same with Clerk of Court, fee paid.

Jose Somoza
c/o Honorable Roger C. Appell
2015 First Avenue North
Birmingham, Alabama 35203

Jeffery D. Hatcher

Certified Mail

Jose Somoza
10773 NW 58th Street
Miami, Florida 33178

RIVER FORKS IMPORTS, INC
JOSE' SOMOZA CONSIGNMENT SALES
GENEVA IMPORTS

| DATE | INVOICE # | INVOICE AMOUNT | CONSIGNMENT PAYMENT AMOUNT | BALANCE |
|---|---|---|---|---|
| 2/24/99 | 6146 | $ 12,289.52 | | $ 12,289.52 |
| 3/29/99 | 6390 | $ 1,917.00 | | $ 14,206.52 |
| 3/29/99 | 6391 | $ 2,107.00 | | $ 16,313.52 |
| 3/29/99 | 4485 | $ 2,820.00 | | $ 19,133.52 |
| 3/29/99 | 6395 | $ 5,540.00 | | $ 24,673.52 |
| 3/29/99 | 6393 | $ 13,363.00 | | $ 38,036.52 |
| 4/27/99 | 8136 | $ 5,187.00 | | $ 43,223.52 |
| 4/27/99 | 8138 | $ 1,208.00 | | $ 44,431.52 |
| 4/27/99 | 8139 | $ 5,029.00 | | $ 49,460.52 |
| 4/27/99 | 8037 | $ 9,015.10 | | $ 58,475.62 |
| 4/27/99 | PAID | | $ 14,254.00 | $ 44,221.62 |
| 4/30/99 | PAID | | $ 5,525.23 | $ 38,696.39 |
| 5/8/99 | 7514 | $ 9,081.00 | | $ 47,777.39 |
| 5/10/99 | 6095 | $ 1,932.05 | | $ 49,709.44 |
| 5/20/99 | 7544 | $ 3,742.00 | | $ 53,451.44 |
| 6/8/99 | 6543 | $ 914.60 | | $ 54,366.04 |
| 6/9/99 | 7290 | $ 18,232.00 | | $ 72,598.04 |
| 7/2/99 | 8580 | $ 16,592.00 | | $ 89,190.04 |
| 8/18/99 | 7391 | $ 20,609.00 | | $ 109,799.04 |
| 10/31/99 | 186 | $ 8,586.74 | | $ 118,385.78 |
| 11/5/99 | PAID | | $ 2,375.00 | $ 116,010.78 |
| 11/30/99 | PAID | | $ 5,951.74 | $ 110,059.04 |
| | | | | |
| | TOTAL CHARGES | | $ 138,165.01 | |
| | TOTAL CONSIGNMENT PAYMENTS | | $ 28,105.97 | |
| | TOTAL BALANCE DUE ON WAREHOUSE CONSIGNMENTS | | $ 110,059.04 | |

RIVER FORKS IMPORTS, INC.
JOSE SOMOZA (GENEVA IMPORTS)
CONTAINER CONSIGNMENT RUNNING ACCOUNT

| DATE | DESCRIPTION/INV | INVOICE AMOUNT | CONSIGNMENT PAYMENTS | BALANCE |
|---|---|---|---|---|
| 8/16/1999 | 1038/BJ/E/VI/99 | $ 19,981.15 | | $ 197,217.65 |
| 8/17/1999 | 1035/BJ/E/VI/99 | $ 18,406.99 | | $ 215,624.64 |
| 8/25/1999 | 1040/BJ/E/VI/99 | $ 17,683.51 | | $ 233,308.15 |
| 8/31/1999 | 1045/BJ/E/VI/99 | $ 22,541.67 | | $ 255,849.82 |
| 9/1/1999 | 1047/BJ/E/VI/99 | $ 18,904.75 | | $ 274,754.57 |
| 9/3/1999 | 009/DND/VI/99 | $ 5,314.37 | | $ 280,068.94 |
| 9/8/1999 | PAYMENT CK | | $ 10,000.00 | $ 270,068.94 |
| 10/27/1999 | PAYMENT CK | | $ 20,000.00 | $ 250,068.94 |
| 11/20/1999 | PAYMENT CK | | $ 5,000.00 | $ 245,068.94 |
| 12/10/1999 | PAYMENT CK | | $ 3,000.00 | $ 242,068.94 |
| 2/25/2000 | PAYMENT CK | | $ 3,000.00 | $ 239,068.94 |
| | TOTAL CONSIGNMENT CONTAINER CHARGES | | $ 572,914.16 | |
| | TOTAL CONSIGNMENT PAYMENTS | | $ 333,845.22 | |
| | TOTAL BALANCE DUE ON CONTAINER CONSIGNMENT | | $ 239,068.94 | |

RIVER FORKS IMPORTS, INC.
JOSE SOMOZA (GENEVA IMPORTS)
CONTAINER WAREHOUSE CONSIGNMENT RUNNING ACCOUNT

| CONTAINER & WAREHOUSE CONSIGNMENT ACCOUNT | | |
|---|---|---|
| TOTAL CONSIGNMENT CONTAINER CHARGES | $ | 572,914.16 |
| TOTAL CONSIGNMENT PAYMENTS | $ | 333,845.22 |
| TOTAL BALANCE DUE ON CONTAINER CONSIGNMENT | $ | 239,068.94 |
| | | |
| TOTAL CONSIGNMENT WAREHOUSE CHARGES | $ | 138,165.01 |
| TOTAL WAREHOUSE PAYMENTS | $ | 28,105.97 |
| TOTAL BALANCE DUE ON WAREHOUSE CONSIGNMENT | $ | 110,059.04 |
| | | |
| COMBINED BALANCE DUE TO RIVER FORKS IMPORTS | $ | 349,127.98 |