IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RIVER FORKS IMPORTS, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>JOSE SOMOZA, )<br>)<br>Defendant. ) | CASE NO. 1:05-cv-422-WKW<br>(WO) |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the plaintiff's Motion for Summary Judgment (Doc. # 29). For the reasons set forth below, the motion for summary judgment is due to be GRANTED.

### I. FACTS AND PROCEDURAL HISTORY

This case arises out of a contract dispute. Plaintiff River Forks Imports, Inc. ("River Forks") entered into an oral agreement with defendant Jose Somoza ("Somoza"), who operated Geneva Imports, for River Forks to deliver container and warehouse consignments to Somoza. (Thames Aff. ¶ 1.)

In 1998, River Forks began to deliver furniture and other container consignment items to Somoza. (*Id.*) River Forks delivered $572,914.16 worth of container consignment items to Somoza. (*Id.*) Somoza made partial payments to River Forks from December 1998 until February 25, 2000 totaling $333,845.22; he still owes River Forks $239,068.94. (*Id.*)

River Forks also delivered warehouse consignment items to Somoza. (*Id.* ¶ 2.) River Forks provided Somoza with $138,165.01 worth of furniture and other items on warehouse

consignment. (*Id.*) Somoza paid River Forks $28,1085.97 for the items, leaving $110,059.04 owed to River Forks. (*Id.*)

The parties reached an agreement for Somoza to pay River Forks the amount he owed them by working for River Forks and paying it $5,000 per month. (*Id.* ¶ 3.) On October 3, 2001, Somoza resigned from River Forks. (*Id.*) Somoza's last payment to River Forks was $3,000 on February 25, 2002, and he currently owes River Forks $349,127.98. (*Id.*)

On April 8, 2005, River Forks filed suit in the Circuit Court of Geneva County, Alabama, alleging conversion, breach of contract, negligence, fraud and misrepresentation, account stated, open account, and wrongful detention by bailee. (Compl.) On May 6, 2005, Somoza removed the case to federal court. On June 17, 2005, the court stayed the case pending resolution of criminal charges against Somoza that involved the same incident (Doc. # 8), and the stay was lifted on December 7, 2005. (Doc. # 10.) On March 28, 2006, the court granted a motion filed by Somoza's attorney, which allowed him to withdraw from the case. (Doc. #17.) The case was scheduled to go to trial on January 29, 2007, but on December 18, 2006, Somoza filed a motion for extension of time to find new counsel (Doc. # 20). The court granted this motion and ordered Somoza to inform the court of his progress in finding new counsel by February 12, 2007. (Doc. # 23.) Somoza never responded to the order and has not filed anything with the court since then.

On October 4, 2007, the court entered an order (Doc. # 28) that dispositive motions were to be filed before October 19, 2007, and that response briefs were due by November 2, 2007. On October 17, 2007, River Forks filed its motion for summary judgment (Doc. # 29);

2

Somoza did not respond to the motion.

## II. JURISDICTION AND VENUE

The court exercises jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity). The parties do not contest personal jurisdiction or venue, and the court finds allegations sufficient to support both.

## III. STANDARD OF REVIEW

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[T]he court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). The movant can meet this burden by presenting evidence showing there is no genuine issue of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex Corp.*, 477 U.S. at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a

genuine issue for trial.'" *Id*. at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A genuine factual dispute exists if the "jury could return a verdict for the non-moving party." *Damon v. Fleming Supermarkets of Fla., Inc.,* 196 F.3d 1354, 1358 (11th Cir. 1999) (citation omitted). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## IV. DISCUSSION

River Forks filed a motion for summary judgment on the grounds of breach of contract to which Somoza has not responded. However, Somoza's failure to respond does not result in the court granting River Forks's motion because a court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion." *United States v. One Piece of Prop., 5800 S.W. 4th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). The Eleventh Circuit has explained that "[t]he district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials . . . . At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment." *Id.* at 1101-02 (citation omitted).

River Forks seeks summary judgment on its breach of contract claim. Under Alabama law to prevail on a breach of contract claim, the plaintiff must show "'(1) the existence of a

4

valid contract binding the parties in the action, (2) his own performance under the contract, (3) the defendant's nonperformance, and (4) damages." *Morrow v. Green Tree Servicing, LLC.*, 360 F. Supp. 2d 1246, 1251 (M.D. Ala. 2005) (quoting *Southern Med. Health Sys. v. Vaughn*, 669 So. 3d 98, 99 (Ala. 1995)).

The first issue is if the parties have entered into a valid contract. The parties entered into an oral agreement for River Forks to provide consignment items and for Somoza to pay for those items. To the extent that there is a statute of frauds defense in this case, Somoza waived the defense by failing to plead it in his answer to the complaint. Under the Federal Rules of Civil Procedure, a party must raise a statute of frauds defense in its pleadings. Fed. R. Civ. P. 8(c). If a party fails to raise this defense in pleading, then it is waived. *Am. Nat'l Bank of Jacksonville v. Fed. Deposit Ins. Corp.*, 710 F.2d 1528, 1537 (11th Cir. 1983).[1] Because Somoza's answer to the complaint did not raise the defense of the statute of frauds, he has waived that defense.

The second element of a breach of contract action is that River Forks must show that it performed its obligations under the contract. River Forks and Somoza entered a contract whereby River Forks delivered furniture to Somoza and Somoza paid River Forks for the furniture. River Forks presented evidence, through the affidavit of Ron Thames, its manager, that it performed its obligations under the contract by providing Somoza with $572,914.16 worth of furniture in consignment containers and $138,165.01 worth of furniture on

---

[1] Additionally, to the extent that there is a statute of limitations defense Somoza waived it because he did not plead it in his answer.

warehouse consignment. Because there is no evidence of River Forks having any other obligation under the contract, clearly River Forks has performed its end of the bargain.

The third element of a breach of contract action is that the other side did not perform its obligations. Here, Somoza was obligated to pay River Forks for the furniture that it sold to him. Somoza failed to perform its obligations because he has not paid River Forks for all the furniture and still owes $239,068.94 for the consignment container charges and $110,059.04 for the warehouse consignment items.

Damages are the final element to a breach of contract action. There are damages here because Somoza owes River Forks $349,127.98. Accordingly, because all four elements of a breach of contract claim are present in this case, the court finds that Somoza is liable to River Forks for breach of contract in the sum of $349,127.98, plus court costs.

## V.  CONCLUSION

Accordingly, it is ORDERED that the River Forks's motion for summary judgment is GRANTED.

An appropriate judgment will be entered.

DONE this 30th day of November, 2007.

                                               /s/  W. Keith Watkins
                                              UNITED STATES DISTRICT JUDGE